-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
05 JUL 29 AM 8: 39

---

MR. MARQUIS BROOKS, 02-A-6647,

        Plaintiff,

        -v-

**DECISION and ORDER**
05-CV-0138S(F)

SUPERINTENDENT JAMES T. CONWAY, and
S. ZEMMEN, C. Counselor,

        Defendants.

---

## INTRODUCTION

Plaintiff, Marquis Brooks, an inmate of the Attica Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the Defendants, Attica Superintendent James Conway and Correctional Counselor S. Zemmen, violated his rights when they denied his requests for placement in protective custody in late 2004 and early 2005, and that, as a result of said denials, his life had been placed in danger. He has not however alleged that he has been subjected to any type of harm by the denial of his requests other then alleging that his life was placed in danger. For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted and the Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, unless Plaintiff files an amended complaint by **August 29, 2005**.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed in forma pauperis. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all factual allegations and must draw all inferences in Plaintiff's favor. See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); and see Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Complaint, the Court finds that Plaintiff's claims must be dismissed unless Plaintiff files an amended complaint as directed below.

Properly construed, Plaintiff's Complaint alleges a failure to protect claim under the Eighth Amendment. See Cruz v. Hillman, No. 01 CIV. 4169 DABDF, 2002 WL 31045864, *8 (S.D.N.Y. May 16, 2002); Whitfield v. Scully, No. 94 Civ. 3290 (DC), 1996 WL 706932, *3 (S.D.N.Y. Dec. 6, 1996). Under the Eighth Amendment, prison officials are required to

2

take reasonable measures to ensure the safety of prison inmates, including protecting against violence by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994). A violation of the Eighth Amendment's cruel and unusual punishment clause occurs, however, only where prison officials exhibit a deliberate indifference to a substantial risk of serious harm to the inmate. *Id.*, 511 U.S. at 837, 114 S.Ct. at 1977. Therefore, a Plaintiff must establish two things: first, he must objectively establish that his injury has been "sufficiently serious" to have denied him "the minimal civilized measure of life's necessities[,] *Id.*, 511 U.S. at 834, 114 S.Ct. at 1977; and second, that the prison official had " 'a sufficiently culpable state of mind' amounting to at least deliberate indifference." *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir.2001) (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1977), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Deliberate indifference is established when the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837, 114 S.Ct. 1979.

Plaintiff's Complaint will be dismissed unless he files an amended complaint because the Complaint fails to allege that Plaintiff suffered any injury, let alone one that is "sufficiently serious," following his request for protective custody, and that Defendants were deliberately indifferent by knowing of and disregarding an excessive risk of harm to Plaintiff. *See Farmer*, 511 U.S. at 834, 114 S.Ct. 1977. All that Plaintiff alleges is that the denial to place him in protective custody "puts [his] life in danger to get cut or stabbed again at Attica Corr[ectional] Fac[iliy]." A "Voluntary Protective Custody Status Consideration Form" attached to the Complaint states that Plaintiff was cut in D-Yard and

3

refused protective custody and six weeks later was involved in a fight with an inmate and is now requesting protective custody." The Complaint does not allege that he suffered a sufficiently serious injury, other than the emotional fear that his life was in danger, as a result of the denial of his request for protective custody. *Cruz*, 2002 WL 31045864, at *8 ("Plaintiff has not alleged that he was attacked or injured by his enemies as a result of being denied protective custody status, nor has he even alleged that other inmates made significant threats against him.") In fact, the Complaint and exhibits to the Complaint intimate that Plaintiff was hurt twice before requesting protective custody and that he denied placement in voluntary protective custody after he was hurt the first time. Therefore, Plaintiff's Complaint fails to sufficiently allege that he suffered a "sufficiently serious" injury and that the Defendants "knew[] of and disregard[ed] an excessive risk to [his] health or safety." *Farmer*, 511 U.S. at 837; 114 S.Ct. 1979. However, the Court will provide Plaintiff the opportunity to file an amended complaint in an attempt to correct the pleading deficiencies in the Complaint. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action").[1] The Plaintiff must file an amended complaint by **August 29, 2005**, wherein he sufficiently alleges that as a result of the denial of protective custody he

---

[1] *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

4

suffered a "sufficiently serious" injury--*e.g.*, that he was attacked or injured by other inmates or that significant threats were made against him, see *Cruz*, 2002 WL 31045864, at *8--, and that the Defendants knew of and disregarded these risks.

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **August 29, 2005** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed.2d 758 (1978); see also *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint must include all of the allegations against each of the Defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense

will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed in forma pauperis is granted;

FURTHER, that Plaintiff is granted leave to file an amended complaint as directed above by **August 29, 2005**;

FURTHER, that the Clerk of the Court is directed to send to Plaintiff with this order a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff fails to file an amended complaint as directed above by **August 29, 2005**, the Complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the Complaint is dismissed because Plaintiff has failed to file an amended complaint by **August 29, 2005**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the Complaint is dismissed because Plaintiff has failed to file an amended complaint by **August 29, 2005**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of

Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: 7/29, 2005
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge