-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARQUIS BROOKS, 02-A-6647,

      Plaintiff,

  -v-

JAMES T. CONWAY, Superintendent Attica
Correctional Facility, S. ZEMMEN, Correctional Facility,
K. ARNONE, Correctional Sergeant,

      Defendants.

DECISION AND ORDER
05-CV-0138S(F)

---

On July 29, 2005, the Court (Hon. William M. Skretny) granted plaintiff permission to proceed *in forma pauperis* and directed that the complaint would be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), unless plaintiff filed an amended complaint wherein he stated a cognizable failure to protect claim against the defendants. Plaintiff has now filed an amended complaint, which has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

Plaintiff alleges that following one or more assaults by other inmates and anonymous letters from inmates that he was the target of gang members at Attica Correctional Facility, he requested to be placed in protective custody but that said request was denied by defendant Conway after a hearing held by defendant Zemmen. Defendant Arnone allegedly interviewed plaintiff regarding the threats and forwarded a report to Conway. Following the threats, one or more assaults and the denial of his request to be placed in protective custody, plaintiff alleges he was assaulted again. While the amended complaint is not a model of clarity, plaintiff has sufficiently alleged, which he failed to do in the initial complaint, that he suffered a "sufficiently serious" injury and that the defendants

"knew[] of and disregard[ed] an excessive risk to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The initial complaint intimated that plaintiff was not assaulted after the earlier assaults and threats and that the failure by the defendants to place him in protective custody or otherwise protect him did not cause him any injury other than a fear of future harm. The amended complaint, however, does appear to allege that he was again assaulted after the defendants allegedly had knowledge of the previous assaults and threats against his life. *Cf. Cruz v. Hillman*, No. 01 Civ. 4169 DABDF, 2002 WL 31045864, *8 (S.D.N.Y., May 16, 2002) (Plaintiff did not allege that he was attacked or injured by other inmates as a result of being denied protective custody status, nor that other inmates had significantly threatened him). Based on the allegations set forth in the amended complaint, the Court cannot say at this time that it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Accordingly, the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon the named defendant without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: September 6, 2005
Rochester, New York

2