UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARQUIS BROOKS,

                Plaintiff,

v.

JAMES T. CONWAY, Superintendent,
S. ZEMMEN, C. Counselor,
K. ARNONE, Correctional Sergeant,

                Defendants.

**DECISION
and
ORDER**

**05-CV-138F
(consent)**

---

APPEARANCES:    MARQUIS BROOKS, Pro Se
                       02-A-6647
                       Great Meadow Correctional Facility
                       P.O. Box 51
                       Coxsackie, New York 12821

                       ANDREW M. CUOMO
                       ATTORNEY GENERAL, STATE OF NEW YORK
                       Attorney for Defendants
                       KIM S. MURPHY
                       Assistant Attorney General, of Counsel
                       107 Statler Towers
                       Buffalo, New York 14202

**JURISDICTION**

On March 7, 2006, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. The matter is presently before the court on Defendants' motion for summary judgment (Doc. No. 16), filed March 10, 2006.

Plaintiff commenced this civil rights action *pro se* on March 2, 2005, alleging that while incarcerated at Attica Correctional Facility ("Attica"), Defendants Attica Superintendent James T. Conway ("Conway"), and Corrections Counselor S.

Zimmerman[1] ("Zimmerman") violated his rights under the Fifth, Eighth and Fourteenth Amendments. On August 31, 2005, Plaintiff filed an Amended Complaint (Doc. No. 6) ("Amended Complaint"), adding Correctional Sergeant K. Arnone ("Arnone") as a Defendants. Plaintiff claims that while incarcerated at Attica, Defendants failed to place Plaintiff in protective custody and, as a result, Plaintiff was assaulted and injured by other inmates at Attica on three occasions, including November 2, 2004, December 12, 2004 and January 24, 2005. On November 15, 2005, Defendants filed Answers to the Amended Complaint (Doc. No. 9 (Arnone), 10 (Conway) and 11 (Zimmerman)).

On March 10, 2006, Defendants filed the instant motion (Doc. No. 16) ("Defendants' Motion"), seeking summary judgment, along with supporting papers, including a Statement of Undisputed Facts (Doc. No. 17) ("Defendants Statement of Undisputed Facts"), the Declaration of George Struebel (Doc. No. 18) ("Struebel Declaration"), and a Memorandum of Law (Doc. No. 19) ("Defendants' Memorandum"). In opposition to summary judgment, Plaintiff filed on March 15, 2006, a response (Doc. No. 23) (Plaintiff's Memorandum"), with attached exhibits ("Plaintiff's Exh(s) __"). In further support of summary judgment, Defendants filed on April 25, 2006, the Reply Declaration of George Struebel (Doc. No. 24) ("Struebel Reply Declaration"), and a Reply Memorandum of Law (Doc. No. 25) ("Defendants' Reply Memorandum"). On May 15, 2006, Plaintiff filed a response to the Struebel Reply Declaration (Doc. No. 27) ("Plaintiff's Sur-Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendants' motion for summary judgment is

---

[1] Defendant Zimmerman's name is incorrectly spelled on the Complaint as "Zemmen."

GRANTED.

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322. Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). In the instant case, Defendants seeks summary judgment on the basis that Plaintiff failed to exhaust administrative remedies relevant to his claim, as required by the Prison Litigation Reform Act ("PLRA")

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section ... 1983 [of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e)(a). The PLRA requires exhaustion in all inmate suits concerning prison life, regardless of the federal right or statute asserted. *Porter v. Nussle,* 534 U.S. 516, 525-27 (2002).

New York State provides a grievance procedure for inmates. Pursuant to section 139 of the New York State Corrections Law and the regulations promulgated thereunder, inmates are permitted to file grievances concerning a variety of issues. According to 7 N.Y.C.R.R. § 701.3(e), the only issues that are not grievable involve individual decisions or dispositions of any current or subsequent program or procedure having a written appeal mechanism which extends review outside the facility.

The Inmate Grievance Program provides for a three-step process. After being filed within 14 days of the incident, the grievance is investigated and reviewed by a committee comprised of inmates and DOCS employees. That decision is subject to review by the Superintendent. The inmate is then permitted to appeal the superintendent's determination to the Central Office Review Committee ("CORC"). 7 N.Y.C.R.R § 701.7(a), (b), (c). Only after an inmate appeals to the CORC has he been deemed to have exhausted his administrative remedies. *Parkinson v. Goord,* 116 F.Supp.2d 390, 394 (W.D.N.Y. 2000). Accordingly, plaintiff may bring suit in federal court pursuant to 42 U.S.C. § 1983 only after he has exhausted "any available administrative remedies, including all appellate remedies provided within the [DOCS grievance] system." *Fletcher v. Haase,* 2002 WL 313799 at *1 (S.D.N.Y. February 27, 2002) (citing *Booth v. Churner,* 532 U.S. 731, 735 (2001)).

District courts follow a three-part inquiry when determining whether an inmate plaintiff has exhausted administrative remedies prior to filing a federal court action challenging prison conditions. *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). Specifically, courts are to consider "whether administrative remedies were in fact 'available' to the prisoner." *Id*. Next, the court inquires as to whether defendants'

own actions estop defendants from asserting the failure to exhaust defense. *Id*. Finally, if administrative remedies were available and defendants are not estopped from asserting the failure to exhaust defense, the court considers whether any "'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" *Id*. Furthermore, the Second Circuit has observed that administrative remedies may be "informally" exhausted. In particular, insofar as 7 N.Y.C.R.R. § 701.3(a) "advise[s] inmates 'to attempt to resolve a problem on [their] own' before resorting to formal procedures, . . . an inmate who obtains a favorable resolution of his complaint through informal processes has exhausted available administrative remedies under the DOCS scheme." *Hemphill*, *supra*, 380 F.3d at 682 n. 4 (quoting 7 N.Y.C.R.R. § 701.3(a), and citing *Marvin v. Goord*, 255 F.3d 40, 43 n. 3 (2d Cir. 2001)). Thus, the court considers whether the record establishes that Plaintiff, either formally or informally exhausted administrative remedies.

In support of summary judgment, Defendants argue that Plaintiff has failed to exhaust his administrative remedies as to his claim and cannot offer any justification for such failure. Defendants' Memorandum at 3-6. Specifically, George Stuebel ("Struebel"), who is employed by New York State Department of Correctional Services ("DOCS") as Attica's Inmate Grievance Program ("IGP") Officer, explains that as Attica's IGP Supervisor, he has access to the official IGP records generated and maintained at Attica. Struebel Declaration ¶ 1. According to Struebel, although an inmate grievance is required to be filed within 14 calendar days of an incident, 7 N.Y.C.R.R. § 701.7(a)(1), and any appeal is to be filed within 14 "working days" after receipt of a written decision on the original grievance, 7 N.Y.C.R.R. § 701.7(b) and (c), a search of

Attica's records revealed no grievances filed by Plaintiff while incarcerated at Attica from July 22, 2004 through March 30, 2005.  *Id*. ¶¶ 2-5.

In opposition to summary judgment, Plaintiff does not deny that he was required to exhaust administrative remedies or that the IGP was available. Rather, Plaintiff asserts that he informally grieved the relevant claims by writing letters to the Inmate Grievance Resolution Committee ("IGRC"), which the IGRC failed to answer.  Plaintiff's Memorandum at 1-2.  In further support of summary judgment, Defendants contend that nothing submitted by Plaintiff establishes that he exhausted available administrative remedies relative to his claim.  Defendants' Reply at 1-7.  In further opposition to summary judgment, Plaintiff makes spurious claims regarding Struebel, including that Struebel covered up for a co-worker's error in losing an inmate grievance Plaintiff filed regarding the claim.  Plaintiff's Sur-Reply at 2-3.

In support of his argument, Plaintiff attaches copies of letters indicating he requested to be transferred to protective custody, but that such requests were denied. *See* Plaintiff's Memorandum Exhs. AI, II and III.  Plaintiff also submits a copy of a handwritten document titled "Inmate Grievance Complaint," dated December 20, 2004, Plaintiff's Exh. A3, and a letter to IGRC Attica, dated December 20, 2005, advising that Plaintiff had filed the grievance a year earlier, and bearing Struebel's handwritten notation that "no such grievance was found to be filed by [Plaintiff] around the time period of 11/12/04."  Plaintiff's Exh. A2.  Plaintiff also submits an internal Memorandum from Struebel to Plaintiff, dated January 25, 2006, in which Struebel advises Plaintiff that

> To my knowledge, there has been no communication between you and my office

6

>in reference to an alleged grievance that has become "lost."  The incident you are referencing occurred 15 ½ months ago.  I would refuse to accept such a complaint based on the incident being so far from required timeframes for filing (14 days) as well as the lack of any communication within that timeframe establishing the need for mitigating circumstances to accept such a complaint late.
>However, I cannot accept any complaint from you because you do not currently house [sic] in this facility and grievances may only be filed in facilities in which you currently house.
>I also find problems accepting your claim that you filed this grievance on 11/12/04 when the text of the grievance includes incidents that happened two and a half months after that date.  I also am aware that you are in court on this issue and that the case is in contention for being dismissed due to your lack of grieving the issue at the time.

Struebel Memorandum, Plaintiff's Exh. AI.

The contents of the Struebel Memorandum provides nothing in support of Plaintiff's claim that he filed any grievance regarding his claim.  A request for transfer is not a grievance.  Nor do Plaintiff's other exhibits, consisting of requests that Attica personnel place Plaintiff in protective custody constituted inmate grievances.  *See* Plaintiff's Exhs. II and III.  Furthermore, Plaintiff's bald and conclusory assertions that Defendants lost his grievance papers are, without more, insufficient to avoid summary judgment on Plaintiff's claim.  *See D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998) (holding that party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful").  As such, Plaintiff has failed to proffer any evidence establishing an genuine issue of fact sufficient to defeat summary judgment based on Plaintiff's failure to exhaust administrative remedies.

## **CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment (Doc. No. 16) is GRANTED.  The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     March 28, 2007
           Buffalo, New York